IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK W. LABOX, JR.,                          06-CV-812-BR

       Plaintiff,

                                        OPINION AND ORDER

v.

HONORABLE FRANCIS J. HARVEY,
SECRETARY OF THE ARMY,

       Defendant.


JACK W. LABOX, JR.
3451 Lake Vanessa Circle NW
Salem, OR  97304
(503) 581-6594

       Plaintiff, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Amended Motion to Dismiss or in the Alternative for Summary Judgment (#15). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses this mater with prejudice.

## BACKGROUND

The following facts are undisputed unless otherwise noted.

On March 20, 1961, Plaintiff Jack W. LaBox, Jr., enlisted in the Army and began active duty. On March 27, 1963, Plaintiff received an honorable discharge for his service. On March 28, 1963, Plaintiff reinlisted in the Army. On April 13, 1968, Plaintiff was discharged from the Army "Under Conditions Other Than Honorable."

On June 5, 1991, Plaintiff wrote to the Army Board for Correction of Military Records (ABCMR) requesting his discharge to be upgraded to "Honorable" so that he could be eligible for disability benefits from the Veterans' Administration. On March 25, 1992, the ABCMR denied Plaintiff's request.

On June 8, 2006, Plaintiff filed a Complaint in this Court in which he alleges the ABCMR violated his rights to due process when it denied his request to upgrade his discharge to "Honorable." Plaintiff alleges he should have been medically discharged and is entitled to (1) $500.00 in "back disability

2 - OPINION AND ORDER

payments" for each month since April 1968, (2) restoration of his former rank of "Spec 4," and (3) an upgrade in his discharge status to "Honorable."

On November 14, 2006, Defendant filed an Amended Motion to Dismiss or in the Alternative for Summary Judgment on the grounds that this Court lacks subject-matter jurisdiction and that Plaintiff's claims are barred by the applicable statute of limitations.

## STANDARDS

On a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999). "The Court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The Court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary judgment motion. *Kottle v. Northwest Kidney Ctr.*, 146 F.3d 1056, 1064 n.7 (9th Cir. 1998), *cert. denied*, 525 U.S. 1140 (1999).

When the plaintiff appears *pro se*, the court "must construe

3 - OPINION AND ORDER

liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)). If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys.*

*Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The court has broad discretion in granting discovery and may narrowly define the limits of such discovery.  *Id.*  When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

## DISCUSSION

In his Motion, Defendant contends the Court lacks subject-matter jurisdiction and that Plaintiff's claims are barred by the applicable statute of limitations.

**I.   The Court Lacks Subject-Matter Jurisdiction**.

According to Defendant, the Court lacks subject-matter jurisdiction because Plaintiff's claims arise under the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Court of Claims has exclusive jurisdiction over Tucker Act claims.

28 U.S.C. § 1491(a) provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  For the purpose of this paragraph, an express or implied

5 - OPINION AND ORDER

>     contract with the Army . . . shall be considered
>     an express or implied contract with the United
>     States.[1]
>
>     To provide an entire remedy and to complete the
>     relief afforded by the judgment, the [Court of
>     Federal Claims] may, as an incident of and
>     collateral to any such judgment, issue orders
>     directing restoration to office or position,
>     placement in appropriate duty or retirement
>     status, and correction of applicable records, and
>     such orders may be issued to any appropriate
>     official of the United States.

*See also Bakersfield City Sch. Dist v. Boyer*, 610 F.2d 621, 628 (9th Cir. 1979)(jurisdiction over a claim seeking damages and injunctive relief from the United States in a non-tort claim context "lies exclusively in the court of claims under the Tucker Act because the claim exceeds $10,000."). In addition,

>     it is firmly established that, where the real
>     effort of the complaining party is to obtain money
>     from the federal government, the exclusive
>     jurisdiction of the court of claims over non-tort
>     claims exceeding $10,000 cannot be evaded or
>     avoided by framing a district court complaint to
>     appear to seek only injunctive, mandatory or
>     declaratory relief against government officials or
>     the government itself.

*Bakersfield*, 10 F.2d at 628 (citing *Sherar v. Harless*, 561 F.2d 791, 793-94 (9th Cir. 1977) and *Hoopa Valley Tribe v. United States*, 596 F.2d 435, 436 (Ct. Cl. 1979)).

As noted, Plaintiff seeks damages of $500 for each month since April 1968. Thus, Plaintiff seeks a total sum that exceeds

---

[1] Plaintiff's enlistment in the Army constitutes a contract with the Army. *See, e.g., Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003). (Footnote not in original).

6 - OPINION AND ORDER

$10,000 in non-tort claims. Although Plaintiff also seeks an order upgrading his discharge to "Honorable" and restoration of his former rank of "Spec 4," these requests are ancillary to his effort to obtain money from the United States and can be resolved by the Court of Claims. *See Martinez*, 333 F.3d 1295, 1301 (Fed. Cir. 2003).[2] The Court, therefore, finds Plaintiff's claim is governed by the Tucker Act.

Accordingly, the Court concludes the Court of Claims has exclusive jurisdiction over this matter, and, accordingly, this Court lacks jurisdiction.

## II. The Court Declines to Transfer Plaintiff's Claims Because They Are Barred by the Statute of Limitations.

28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is ***in the interest of justice***, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed.

Emphasis added.

Defendant asserts this Court should not transfer Plaintiff's action to the Court of Claims because Plaintiff's claims are barred by the applicable statute of limitations, and, therefore, it would not be in the interest of justice to transfer this

---

[2] 28 U.S.C. § 1295(a) provides the Federal Circuit has exclusive jurisdiction over appeals under the Tucker Act. The Court, therefore, applies the law of the Federal Circuit to its analysis of Plaintiff's claims under the Tucker Act.

7 - OPINION AND ORDER

matter.

28 U.S.C. § 2501 provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." In *Martinez*, the Federal Circuit concluded "a claim based on unlawful discharge or release from military service accrues on the date of discharge or release because that is the date the injury . . . is incurred." 333 F.3d at 1300.

Here Plaintiff was discharged in April 1968 and did not file this action until June 2006, which was well beyond the six-year limitation period established in § 2501.

Even if Plaintiff's cause of action did not accrue until the ABCMR denied his request to change his discharge to "Honorable," more than six years elapsed between the time of the ABCMR's denial (1992) and the date that Plaintiff brought this action (2006). In addition, the Federal Circuit rejected a similar argument by the plaintiff in *Martinez*. 333 F.3d at 1311.

Because Plaintiff's claims are barred by the statute of limitations established in § 2501, the Court concludes it would not be in the interest of justice to transfer this matter to the Court of Claims.

### III. Plaintiff May Not Bring His Claims in this Court under the Administrative Procedure Act (APA).

To the extent Plaintiff intended to bring his claims under the APA, Defendant points out the Federal Circuit in *Martinez*

8 - OPINION AND ORDER

rejected this basis for such a claim.  The Federal Circuit explained:

> [B]ecause [the plaintiff's] complaint sought money and relief ancillary to the request for money, the Court of Federal Claims could have granted all the relief requested in the complaint if the complaint had been timely filed.  Section 10(c) of the APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704. Because there was an adequate remedy in the Court of Federal Claims for the claims set forth in [the plaintiff's] complaint, a district court would not have had APA jurisdiction over those claims (and the waiver of sovereign immunity under section 10(a) of the APA, 5 U.S.C. § 702, would not have been available). *See Consol. Edison Co. v. United States*, 247 F.3d 1378, 1383 (Fed. Cir. 2001); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); *Mitchell v. United States*, 930 F.2d 893, 896 (Fed. Cir. 1991).  The fact that the complaint was untimely filed in the Court of Federal Claims does not mean that court could not offer a full and adequate remedy; it merely means that [the plaintiff] did not file his complaint in time to take advantage of that remedy.  *Mitchell*, 930 F.2d at 897.

333 F.3d at 1320.  Like the plaintiff in *Martinez*, Plaintiff seeks relief ancillary to his request for money.  For that reason, the Court of Claims could have granted all of the relief that Plaintiff requested if his Complaint had been timely filed. Because the Court of Claims could have provided an adequate remedy, Plaintiff cannot bring a claim under § 10(c) of the APA in this Court.  *See id*.

In summary, the Court on this record grants Defendant's Motion to Dismiss.  Because it appears beyond doubt that Plaintiff cannot prove any set of facts that would entitle him to

9 - OPINION AND ORDER

relief, the Court declines to transfer this action to the Court of Claims or to allow Plaintiff to file an Amended Complaint. Instead, the Court dismisses this matter with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#15) and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 26th day of February, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACK W. LABOX, JR., | 06-CV-812-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| HONORABLE FRANCIS J. HARVEY, SECRETARY OF THE ARMY, | |
| Defendant. | |

**JACK W. LABOX, JR.**
3451 Lake Vanessa Circle NW
Salem, OR 97304
(503) 581-6594

      Plaintiff, *Pro Se*

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Amended Motion to Dismiss or in the Alternative for Summary Judgment (#15). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses this mater with prejudice.

## BACKGROUND

The following facts are undisputed unless otherwise noted.

On March 20, 1961, Plaintiff Jack W. LaBox, Jr., enlisted in the Army and began active duty. On March 27, 1963, Plaintiff received an honorable discharge for his service. On March 28, 1963, Plaintiff reinlisted in the Army. On April 13, 1968, Plaintiff was discharged from the Army "Under Conditions Other Than Honorable."

On June 5, 1991, Plaintiff wrote to the Army Board for Correction of Military Records (ABCMR) requesting his discharge to be upgraded to "Honorable" so that he could be eligible for disability benefits from the Veterans' Administration. On March 25, 1992, the ABCMR denied Plaintiff's request.

On June 8, 2006, Plaintiff filed a Complaint in this Court in which he alleges the ABCMR violated his rights to due process when it denied his request to upgrade his discharge to "Honorable." Plaintiff alleges he should have been medically discharged and is entitled to (1) $500.00 in "back disability

2 - OPINION AND ORDER

payments" for each month since April 1968, (2) restoration of his former rank of "Spec 4," and (3) an upgrade in his discharge status to "Honorable."

On November 14, 2006, Defendant filed an Amended Motion to Dismiss or in the Alternative for Summary Judgment on the grounds that this Court lacks subject-matter jurisdiction and that Plaintiff's claims are barred by the applicable statute of limitations.

## **STANDARDS**

On a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 528 U.S. 1005 (1999). "The Court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are referred to in the complaint whose authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The Court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary judgment motion. *Kottle v. Northwest Kidney Ctr.*, 146 F.3d 1056, 1064 n.7 (9th Cir. 1998), *cert. denied*, 525 U.S. 1140 (1999).

When the plaintiff appears *pro se*, the court "must construe

3 - OPINION AND ORDER

liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)). If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Data Disc, Inc. v. Sys.*

*Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The court has broad discretion in granting discovery and may narrowly define the limits of such discovery.  *Id.*  When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

## DISCUSSION

In his Motion, Defendant contends the Court lacks subject-matter jurisdiction and that Plaintiff's claims are barred by the applicable statute of limitations.

**I.   The Court Lacks Subject-Matter Jurisdiction**.

According to Defendant, the Court lacks subject-matter jurisdiction because Plaintiff's claims arise under the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Court of Claims has exclusive jurisdiction over Tucker Act claims.

28 U.S.C. § 1491(a) provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  For the purpose of this paragraph, an express or implied

5 - OPINION AND ORDER

> contract with the Army . . . shall be considered an express or implied contract with the United States.[1]
>
> To provide an entire remedy and to complete the relief afforded by the judgment, the [Court of Federal Claims] may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

*See also Bakersfield City Sch. Dist v. Boyer*, 610 F.2d 621, 628 (9th Cir. 1979)(jurisdiction over a claim seeking damages and injunctive relief from the United States in a non-tort claim context "lies exclusively in the court of claims under the Tucker Act because the claim exceeds $10,000."). In addition,

> it is firmly established that, where the real effort of the complaining party is to obtain money from the federal government, the exclusive jurisdiction of the court of claims over non-tort claims exceeding $10,000 cannot be evaded or avoided by framing a district court complaint to appear to seek only injunctive, mandatory or declaratory relief against government officials or the government itself.

*Bakersfield*, 10 F.2d at 628 (citing *Sherar v. Harless*, 561 F.2d 791, 793-94 (9th Cir. 1977) and *Hoopa Valley Tribe v. United States*, 596 F.2d 435, 436 (Ct. Cl. 1979)).

As noted, Plaintiff seeks damages of $500 for each month since April 1968. Thus, Plaintiff seeks a total sum that exceeds

---

[1] Plaintiff's enlistment in the Army constitutes a contract with the Army. *See, e.g., Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003). (Footnote not in original).

6 - OPINION AND ORDER

$10,000 in non-tort claims.  Although Plaintiff also seeks an order upgrading his discharge to "Honorable" and restoration of his former rank of "Spec 4," these requests are ancillary to his effort to obtain money from the United States and can be resolved by the Court of Claims.  *See Martinez*, 333 F.3d 1295, 1301 (Fed. Cir. 2003).[2]  The Court, therefore, finds Plaintiff's claim is governed by the Tucker Act.

Accordingly, the Court concludes the Court of Claims has exclusive jurisdiction over this matter, and, accordingly, this Court lacks jurisdiction.

### II. The Court Declines to Transfer Plaintiff's Claims Because They Are Barred by the Statute of Limitations.

28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is **in the interest of justice**, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed.

Emphasis added.

Defendant asserts this Court should not transfer Plaintiff's action to the Court of Claims because Plaintiff's claims are barred by the applicable statute of limitations, and, therefore, it would not be in the interest of justice to transfer this

---

[2] 28 U.S.C. § 1295(a) provides the Federal Circuit has exclusive jurisdiction over appeals under the Tucker Act.  The Court, therefore, applies the law of the Federal Circuit to its analysis of Plaintiff's claims under the Tucker Act.

7 - OPINION AND ORDER

matter.

28 U.S.C. § 2501 provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." In *Martinez*, the Federal Circuit concluded "a claim based on unlawful discharge or release from military service accrues on the date of discharge or release because that is the date the injury . . . is incurred." 333 F.3d at 1300.

Here Plaintiff was discharged in April 1968 and did not file this action until June 2006, which was well beyond the six-year limitation period established in § 2501.

Even if Plaintiff's cause of action did not accrue until the ABCMR denied his request to change his discharge to "Honorable," more than six years elapsed between the time of the ABCMR's denial (1992) and the date that Plaintiff brought this action (2006). In addition, the Federal Circuit rejected a similar argument by the plaintiff in *Martinez*. 333 F.3d at 1311.

Because Plaintiff's claims are barred by the statute of limitations established in § 2501, the Court concludes it would not be in the interest of justice to transfer this matter to the Court of Claims.

**III. Plaintiff May Not Bring His Claims in this Court under the Administrative Procedure Act (APA).**

To the extent Plaintiff intended to bring his claims under the APA, Defendant points out the Federal Circuit in *Martinez*

8 - OPINION AND ORDER

rejected this basis for such a claim. The Federal Circuit explained:

> [B]ecause [the plaintiff's] complaint sought money and relief ancillary to the request for money, the Court of Federal Claims could have granted all the relief requested in the complaint if the complaint had been timely filed. Section 10(c) of the APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Because there was an adequate remedy in the Court of Federal Claims for the claims set forth in [the plaintiff's] complaint, a district court would not have had APA jurisdiction over those claims (and the waiver of sovereign immunity under section 10(a) of the APA, 5 U.S.C. § 702, would not have been available). *See Consol. Edison Co. v. United States*, 247 F.3d 1378, 1383 (Fed. Cir. 2001); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); *Mitchell v. United States*, 930 F.2d 893, 896 (Fed. Cir. 1991). The fact that the complaint was untimely filed in the Court of Federal Claims does not mean that court could not offer a full and adequate remedy; it merely means that [the plaintiff] did not file his complaint in time to take advantage of that remedy. *Mitchell*, 930 F.2d at 897.

333 F.3d at 1320. Like the plaintiff in *Martinez*, Plaintiff seeks relief ancillary to his request for money. For that reason, the Court of Claims could have granted all of the relief that Plaintiff requested if his Complaint had been timely filed. Because the Court of Claims could have provided an adequate remedy, Plaintiff cannot bring a claim under § 10(c) of the APA in this Court. *See id*.

In summary, the Court on this record grants Defendant's Motion to Dismiss. Because it appears beyond doubt that Plaintiff cannot prove any set of facts that would entitle him to

9 - OPINION AND ORDER

relief, the Court declines to transfer this action to the Court of Claims or to allow Plaintiff to file an Amended Complaint. Instead, the Court dismisses this matter with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#15) and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 26th day of February, 2007.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER